Amy L. Lessa (SBN 202872)
 E-Mail: alessa@fisherphillips.com
Darcey M. Groden (SBN 296492)
 E-Mail: dgroden@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile: (858) 597-9601

Attorneys for Defendant
FRESENIUS MANAGEMENT SERVICES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAELYN NOONE, an individual, | Case No: |
| Plaintiff, | [Removed from *Orange County Superior Court Case No. 30-2023-01324245-CU-WT-CJC*] |
| v. | |
| FRESENIUS MANAGEMENT SERVICES, INC., a corporation; Does 1 to 100, Inclusive, | **DEFENDANT'S NOTICE OF REMOVAL** |
| Defendants. | State Court Complaint Filed: May 8, 2023 Trial Date: Not Set |

# TABLE OF CONTENTS

**PAGE(S)**

I.    PROCEDURAL HISTORY ......................................................................... 1

II.    VENUE ASSIGNMENT .......................................................................... 2

III.    BASIS FOR DIVERSITY JURISDICTION ............................................ 2

    A.    Plaintiff is a Citizen of California ............................................... 2

    B.    Defendant is a Citizen of Delaware and Massachusetts .................. 3

    C.    Doe Defendants' Citizenship is Disregarded for the Purposes of Diversity Jurisdiction ................................................................. 3

    D.    The Existence of Complete Diversity ........................................... 4

    E.    Amount in Controversy .............................................................. 4

IV.    TIMLINESS OF REMOVAL .................................................................. 12

V.    NOTICE PROVIDED TO STATE COURT AND PLAINTIFF .............. 12

1

## TABLE OF AUTHORITIES

2

**PAGE(S)**

3

4

**Federal Cases**

5

*Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*,
 465 F.2d 489 (9th Cir. 1972) ................................................................... 5

6

7

*Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*,
 320 U.S. 238 (1940) ............................................................................... 5

8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
 574 U.S. 81 (2014) ................................................................................. 4

9

10

*Duin v. Allstate Insurance Co.*,
 No. 97CV1113 JM (RBB), 1997 WL 813002 (S.D. Cal. Dec. 15,
 1997) ................................................................................................... 10

11

12

13

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
 307 F.3d 997 (9th Cir. 2002) ................................................................ 11

14

15

*Gibson v. Chrysler Corp.*,
 261 F.3d 927 (9th Cir. 2001), *holding modified by Exxon Mobil
 Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ......................... 5

16

17

*Juarez v. AutoZone Stores, Inc.*,
 No. 08-cv-00417-WVG (S.D. Cal.) ......................................................... 9

18

19

*Kanter v. Warner-Lambert Co.*,
 265 F.3d 853 (9th Cir. 2001) ................................................................. 2

20

21

*Kantor v. Wellesley Galleries, Ltd.*,
 704 F.2d 1088 (9th Cir. 1983) ............................................................... 2

22

23

*Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*,
 199 F.Supp.2d 993 (C.D. Cal. 2002) ...................................................... 5

24

25

*Lew v. Moss*,
 797 F.2d 747 (9th Cir. 1986) ................................................................. 3

26

27

*Marcel v. Pool Co.*,
 5 F.3d 81 (5th Cir. 1983) ....................................................................... 9

28

*Marlo v. United Parcel Service, Inc. et al.*,
   No. CV 09-07717 DDP (C.D. Cal.) ................................................................ 10

*Marroquin v. Wells Fargo, LLC*
   No. 11CV163-L BLM, 2011 WL 476540 (S.D. Cal. Feb. 3, 2011) ................. 2

*Mintzis v. Scott*,
   No. 2:14-CV-01799-CAS, 2014 WL 3818104 (C.D. Cal. July 30,
   2014) ............................................................................................................... 3

*Mitchell v. United States*,
   88 U.S. 350 (1875) .......................................................................................... 2

*Mondragon v. Capital One Auto Fin.*,
   736 F.3d 880 (9th Cir. 2013) ......................................................................... 2

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S. 344 (1999) ........................................................................................ 12

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) .......................................................................... 4

*Ontiveros v. Michaels Stores, Inc.*,
   No. CV 12-09437 MMM, 2013 WL 815975 (C.D. Cal. Mar. 5,
   2013) ............................................................................................................... 9

*Parker-Williams v. Charles Tini & Associates, Inc.*,
   53 F.Supp.3d 149 (D.D.C. 2014) .............................................................. 4, 11

*Patton v. Michael Kors Stores (California), Inc.*,
   No. 3:15-cv-02560-L-MDD, 2016 WL 4267980 (S.D. Cal. Aug.
   15, 2016) .......................................................................................................... 8

*Richmond v. Allstate Ins. Co.*,
   897 F.Supp. 447 (S.D. Cal. 1995) ................................................................. 10

*Rodriguez v. AT & T Mobility Servs. LLC*,
   728 F.3d 975 (9th Cir. 2013) .......................................................................... 5

*Roth v. Comerica Bank*,
   799 F.Supp.2d 1107 (C.D. Cal. 2010) ............................................................ 5

FP 47281119.2

*Saulic v. Symantec Corp.*,
   No. SA CV 07-610 AHS, 2007 WL 5074883 (C.D. Cal. Dec. 26, 2007) ................................................................................... 4

*Simmons v. PCR Tech., Inc.*,
   209 F.Supp.2d 1029 (N.D. Cal. 2002) ............................................ 8, 10

*Singer v. State Farm Mutual Auto. Ins. Co.*,
   116 F.3d 373 (9th Cir. 1997) .......................................................... 5

*State Farm Mut. Auto. Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .......................................................... 2

*Viveros v. United States Postal Services*,
   No. 2:10-cv-08593-MMM-E (C.D. Cal.) ......................................... 9

*White v. J.C. Penney Life Ins. Co.*,
   861 F.Supp. 25 (S.D. W.Va. 1994) ................................................ 4

**State Cases**

*Guerrero v. Crown Energy Services Inc. et al.*,
   San Diego Superior Court, Case No. 37-2017-0020532-CU-OE-CTL .............................................................................................. 10

*Hiba Lai v. Coachella Valley Unified School District*,
   Riverside Superior Court, Case No. PSC 1701196 .......................... 9

*Matthew v. Happy Valley Conference Center, Inc.*
   (2019) 43 Cal.App.5th 236, 266-268 .............................................. 10

**Federal Statutes**

28 U.S.C. § 84 .................................................................................... 2

28 U.S.C. § 1332 ....................................................................... 1, 2, 3, 4

28 U.S.C. § 1441 .......................................................................... 1, 2, 3

28 U.S.C. § 1446 ............................................................................ 1, 12

**State Statutes**

Cal. Bus. & Prof. Code §§ 17200 et seq. ........................................... 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Cal. Gov't Code § 12940 ........................................................................ 1

Cal. Gov't Code § 12965 ...................................................................... 11

Cal. Labor Code § 98.6 ...................................................................... 1, 8

Cal. Labor Code § 203 ............................................................................ 7

Cal. Labor Code § 204 ...................................................................... 1, 7

Cal. Labor Code § 210 ...................................................................... 1, 7

Cal. Labor Code § 218.5 ...................................................................... 11

Cal. Labor Code § 226 ................................................................. 7, 8, 11

Cal. Labor Code § 1102.5 .......................................................... 1, 8, 10

**TO THE COURT, PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that DEFENDANT FRESENIUS MANAGEMENT SERVICES, INC. ("Defendant") hereby removes the above-referenced action of Plaintiff Chaelyn Noone from the Superior Court of California, County of Orange, to the United States Court for the Central District of California pursuant to 28 U.S.C. sections §1332, 1441 and 1446. In support of removal, Defendant states as follows:

## I.    PROCEDURAL HISTORY

1.    On May 8, 2023, Plaintiff filed a Complaint in the Superior Court of California, County of Orange entitled *Chaelyn Noone, an individual v. Fresenius Management Services, Inc., a corporation; Does 1 to 100, Inclusive*, Orange County Superior Court Case No. 30-2023-01324245-CU-WT-CJC ("Complaint"). The Complaint alleges causes of action against Defendant for: (1) Intentional Misrepresentation, (2) False Promise, (3) Negligent Misrepresentation, (4) Pregnancy Discrimination – Gov't Code § 12940(a), (5) Failure to Prevent Discrimination – Gov't Code § 12940(k), (6) Retaliation in Violation of FEHA – Gov't Code § 12940(h), (7) Late Payment of Wages – Cal. Labor Code §§ 204, 210, (8) Itemized Wage Statement Violations – Cal. Labor Code § 226(a) and (e), (9) Retaliation – Cal. Code § 98.6(a) Violation, (10) Retaliation – Cal. Code § 1102.5(b) Violation, (11) Wrongful Discharge in Violation of Public Policy, and (12) Unlawful Business Practices – Cal. Bus. & Prof. Code §§ 17200 et seq.

2.    Defendant was personally served with the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing – Case Management Conference on May 16, 2023. (*See,* Declaration of Amy L. Lessa ("Lessa Decl.") ¶2.) Attached hereto as **Exhibit A** is a true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, and Notice of Hearing – Case Management Conference.

/ / /

CASE NO.
DEFENDANT'S NOTICE OF REMOVAL

FP 47281119.2

3.     Defendant filed an Answer in state court on June 15, 2023.  (Lessa Decl. at ¶3.)  Attached hereto as **Exhibit B** is a true and correct copy of the Answer.

4.     Based on information and belief, there are no other pleadings on file in this matter.  (Lessa Decl. at ¶4.)

## II.     VENUE ASSIGNMENT

5.     Because Plaintiff's state-court action was filed in the Superior Court of California for the County of Orange, it is properly removed to the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(a) and 1441(a).

## III.    BASIS FOR DIVERSITY JURISDICTION

6.     District Courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States[.]" 28 U.S.C. § 1332(a)(1). This action is one that Defendant may remove to this Court under the provisions of 28 U.S.C. § 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.  As such, this Court can properly exercise diversity jurisdiction over this matter.

### A.     Plaintiff is a Citizen of California

7.     To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo*, LLC, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).  An existing domicile is presumed to continue. *Mitchell v. United States*, 88 U.S. 350, 353 (1875) ("[D]omicile once acquired is presumed

2

CASE NO.
DEFENDANT'S NOTICE OF REMOVAL

to continue until it is shown to have been changed."); *Mintzis v. Scott*, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014).    It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986).

8.    Here, Plaintiff is a resident of and at all times relevant to the Complaint resided in the State of California.  (*See* Complaint ¶1.)  Accordingly, Plaintiff is domiciled in and a citizen of the State of California.

**B.    Defendant is a Citizen of Delaware and Massachusetts**

9.    A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1).

10.    At the time of the filing of this action, Defendant Fresenius Management Services, Inc. was and continues to be a corporation organized under the laws of Delaware and with its principal place of business located in Waltham, Massachusetts.    (*See*, Mello Decl ¶3; Compl. ¶2.)    Fresenius Management Services, Inc. is a wholly owned subsidiary of Bio-Medical Applications Management Company, Inc., which is wholly owned by National Medical Care, Inc., which is wholly owned by Fresenius Medical Care Holdings, Inc.  (*See*, Mello Decl ¶3.)  Fresenius Medical Care Holdings, Inc. is indirectly owned by Fresenius Medical Care AG & Co. KGaA, whose ordinary shares are listed in the regulated market (Prime Standard) on the Frankfurt Stock Exchange and American Depositary Receipts evidencing the Company's ordinary shares are listed on the New York Stock Exchange (the "NYSE").  (*Id.*)

**C.    Doe Defendants' Citizenship is Disregarded for the Purposes of Diversity Jurisdiction**

11.    The Complaint also names "Doe" Defendants "Does 1-100" ("Doe Defendants").  Pursuant to 28 U.S.C. §1441(b)(1), the citizenship of Defendants

3

CASE NO.
DEFENDANT'S NOTICE OF REMOVAL

1    sued under fictitious names is disregarded. *See*, *e.g.*, *Newcombe v. Adolf Coors Co.*,

2    157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the citizenship of the alleged

3    DOE Defendants does not impact the diversity analysis for removal.

### D.    The Existence of Complete Diversity

5    12.    Because Plaintiff is a citizen of California and Defendant Fresenius

6    Management Services, Inc. is a citizen of Massachusetts and Delaware, complete

7    diversity of citizenship exists in this matter.

### E.    Amount in Controversy

9    13.    The Court has diversity jurisdiction over an action in which the parties

10   are not citizens of the same state and "the matter in controversy exceeds the sum

11   or value of $75,000.00, exclusive of interest and costs."  28 U.S.C. §1332(a).

12   14.    Plaintiff's Complaint does not identify the amount in controversy.

13   *See*, **Exhibit A**.

14   15.    However, the $75,000 threshold necessary for diversity jurisdiction is

15   not particularly burdensome.  When seeking removal of a state action to federal

16   court based on diversity jurisdiction, "a defendant's notice of removal need to

17   include only a plausible allegation that the amount in controversy exceeds the

18   jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574

19   U.S. 81, 89 (2014).  The failure of the Complaint to specify the total amount of

20   damages or other monetary relief sought by Plaintiff does not deprive this Court of

21   jurisdiction. *See*, *Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx), 2007

22   WL 5074883, at *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini &*

23   *Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014) (amount in controversy

24   threshold in a disability discrimination case was undoubtedly met after taking into

25   account Plaintiff's ability to recover unspecified amounts of compensatory

26   damages, punitive damages, and attorneys' fees); *White v. J.C. Penney Life Ins.*

27   *Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal

28   court notwithstanding failure of plaintiff to plead specific dollar amount in

4

controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining…to place a specific dollar claim upon its claim."). Defendant need only to establish by a *preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

16.     Defendant adamantly denies Plaintiff's allegations, denies any liability, and denies Plaintiff has suffered any damages. Nevertheless, in assessing the amount in controversy for diversity jurisdiction purposes, a court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Roth v. Comerica Bank*, 799 F.Supp.2d 1107, 1117 (C.D. Cal. 2010); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). Further, a court must account for claims for not only compensatory damages but also punitive damages. *See*, *e.g.*, *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.,* 320 U.S. 238, 240 (1940) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). The ultimate inquiry is what amount is put in controversy by a plaintiff's complaint, not what the amount of a defendant's liability (if any) will ultimately be.

17.     In the instant case, Plaintiff's causes of action seek recovery of lost wages, front pay, emotional distress damages, other employment benefits, waiting time penalties, prejudgment interest, compensatory and expectation damages, consequential damages, restitution, waiting time penalties, civil penalties, attorneys' fees, costs of litigation, and exemplary and punitive damages. (*See*,

Complaint, ¶¶81-82, 90-91, 100-101, 111-112, 125-126, 132-135, 144, 148-149, 157-158, 166-167, 173-174, 180, and p. 29:5 – 30:4), attached hereto as **Exhibit A**.)    Although Defendant denies Plaintiff's claims of wrongdoing and her unspecified requests for relief thereon, the facial allegations in the Complaint and total amount of nominal damages, compensatory damages (including lost wages and emotional distress), interest, attorneys' fees, and costs of suit at issue are well in excess of $75,000.

18.    ***Wages from Failure to Promote.***

(a)    Plaintiff alleges that in late April 2022 or early May 2022, she was verbally made an offer of employment for the Director of Market Development position with a salary range of $140,000 - $160,000 base.  (Compl. ¶¶19-22.) Assuming the low end of $140,000, that would equate to $11,666.67/month, or $2,692.30/week.

(b)    In 2022, Plaintiff earned $94,039.  (Declaration of Adriana Omolade ("Omolade Decl.") at ¶5.)    That breaks down to approximately $7,836.58/month.  Thus, the underpayment would be $3,830.09/month ($11,666.67 - $7836.58).  As such, assuming a start date of the new position on June 1, 2022, Plaintiff's lost wages from failure to promote in 2022 would be approximately $26,810.63 ($3,830.09/month x 7 months).

(c)    Plaintiff was terminated on or about February 17, 2023. (Compl. ¶64.)  Therefore the lost wages in 2023 would be approximately $5,745.13 ($3,830.09/month x 1.5 months).

(d)    In total, the lost wages for alleged failure to promote would be approximately **$32,555.76**.

19.    ***Lost Wages.***

(a)    At the time of her termination in February 2023, Plaintiff earned a base salary of $1,634.40 weekly, or $84,968.00 annualized (not including incentive compensation in the form of bonuses and commissions).  (Declaration of

6

Adriana Omolade ("Omolade Decl.") at ¶4.)  Plaintiff alleges that she was terminated on February 17, 2023. (Compl. ¶64.)  Plaintiff's lost wages, for the sake of argument, are therefore at least approximately, $27,784.80 ($1,634.40/week x 17 weeks).  This amount does not include any possible recovery of front-pay – which is lost income incurred following judgment after trial.

(b)    However, assuming that the wages are in fact based on the failure to promote rate, the lost wages, for the sake of argument, are therefore at least approximately **$45,769.10** ($2,692.30/week x 17 weeks).  Again, this amount does not include any possible recovery of front-pay – which is lost income incurred following judgment after trial.

20.    ***Unpaid Wages.*** Plaintiff alleges that she was not paid **$884.23** for the time she was on disability leave related to her pregnancy.  (Compl. ¶51.)

21.    ***Waiting Time Penalties.***  Plaintiff seeks waiting time penalties for the unpaid wages during her pregnancy disability leave.  (Compl. ¶¶139-144.)  The wages of an employee continue at the same rate until paid, but not for more than 30 days.  CAL. LABOR CODE § 203(a).  One month's wages for Plaintiff is approximately **$7,080.67** (based on $84,968.00 annualized).

22.    ***Labor Code § 210 Penalties.***  Under California Labor Code § 210, an employer who fails to pay the wages of an employee pursuant to Labor Code § 204 shall be subject to a $100 penalty for each initial violation and $200 for each subsequent violation.  CAL. LABOR CODE § 210(a).  Plaintiff alleges that she received pay statements every two weeks and that she first did not receive full wages as of the October 29, 2022 pay statement.  (*See* Compl. ¶¶45-47.)  That would mean there were 8 pay periods between the first alleged short payment and Plaintiff's termination.  As such, Plaintiff could pursue penalties of up to **$1,500** ($100 + [$200 x 7 weeks]).

23.    ***Labor Code § 226(e) Penalties***.  Plaintiff further seeks penalties pursuant to Labor Code § 226(e) for inaccurate wage statements arising from the

failure to pay all wages.  (Compl. ¶¶1456-149.)  Penalties accrue at $50 for the initial pay period and $100 for each violate in a subsequent pay period, not to exceed $4,000.  CAL. LABOR CODE § 226(e).  As such, Plaintiff could pursue penalties of up to **$750** ($50 + [$100 x 7 weeks]).  *See*, *Patton v. Michael Kors Stores (California), Inc.*, No. 3:15-cv-02560-L-MDD, 2016 WL 4267980, at *2 (S.D. Cal. Aug. 15, 2016) (using subsequent violation rate for calculating potential liability for all violations after first).

24.     ***Labor Code § 98.6 Penalties.***  Plaintiff can seek a civil penalty not exceeding $10,000 per employee for each violation of Labor Code § 98.6.  CAL. LABOR CODE § 98.6(b)(3).  Plaintiff alleges a minimum of five violations.  (Compl. ¶157.)  As such, Plaintiff is seeking a minimum of **$50,000** in penalties under this section.

25.     ***Labor Code § 1102.5 Penalties.***  Plaintiff can seek a civil penalty not exceeding $10,000 per employee for each violation of Labor Code § 1102.5.  CAL. LABOR CODE § 1102.5(f).  Plaintiff alleges a minimum of five violations.  (Compl. ¶166.)  As such, Plaintiff is seeking a minimum of **$50,000** in penalties under this section.

26.     Thus, even before reaching Plaintiff's claims for emotional distress, attorneys' fees, and punitive damages, Plaintiff alleges lost wages and penalties of at least **$188,539.76** to be at issue.

27.     ***Emotional Distress Damages.***  Plaintiff also seeks an unspecified amount of damages relating to emotional distress.  (*See*, Complaint ¶¶81, 90, 100, 111, 125, 173.)  More specifically, Plaintiff alleges that she has suffered "humiliation, anger, depression, and anxiety."  (*See*, Complaint ¶132.) Accordingly, it is very likely that Plaintiff will seek a substantial sum for emotional distress damages.  *Simmons v. PCR Tech., Inc.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages in a successful employment discrimination case may be substantial.").  A number of recent verdicts in

8

CASE NO.
DEFENDANT'S NOTICE OF REMOVAL

employment cases confirm that emotional distress awards in employment cases, standing alone, can easily exceed $75,000[1]:

        (a)    *Hiba Lai v. Coachella Valley Unified School District*, Riverside Superior Court, Case No. PSC 1701196.  On February 7, 2019, a jury found in favor for Plaintiff for pregnancy discrimination and retaliation in violation of FEHA and awarded Plaintiff $115,000 in past non-economic loss, including emotional distress and $20,000 for future non-economic loss, including emotional distress.

        (b)    *Juarez v. AutoZone Stores, Inc.*, No. 08-cv-00417-WVG (S.D. Cal.).  Plaintiff alleged claims of pregnancy/sex discrimination, harassment, and retaliation in violation of FEHA; failure to prevent under FEHA; wrongful termination in violation of public policy; failure to pay overtime wages under state and federal law; unfair competition; and unjust enrichment. (Dkt. 76.)  The wage and hour claims, unfair competition, and unjust enrichment claims were dismissed on summary judgment. (Dkt. 129.) On November 14, 2014, the jury found in favor of Plaintiff on the remaining claims and awarded $250,000 in emotional distress damages.  (Dkt. 266.)

        (c)    *Viveros v. United States Postal Services*, No. 2:10-cv-08593-MMM-E (C.D. Cal.).  Plaintiff alleged violations of Title VII, FMLA, and the Pregnancy Discrimination Act after she was terminated for attempting to take a leave of absence due to her high-risk pregnancy.  (Dkt. 29.)  On June 1, 2012, a jury returned a verdict of $225,000 for emotional pain and suffering for pregnancy

---

[1] *See, Ontiveros v. Michaels Stores, Inc.*, No. CV 12-09437 MMM (FMOx), 2013 WL 815975, at *2 (C.D. Cal. Mar. 5, 2013) (a court may consider verdicts in similar cases when determining whether the amount in controversy exceeds the jurisdictional minimum where the complaint on its face does not identify a specific amount in controversy); *see also Marcel v. Pool Co.*, 5 F.3d 81, 83 (5th Cir. 1983) (court properly considered jury verdicts in other similar cases to reach conclusion that the amount in controversy exceeded $75,000.00).

CASE NO.
DEFENDANT'S NOTICE OF REMOVAL

FP 47281119.2

1    discrimination in violation of Title VII, as modified by the Pregnancy

2    Discrimination Act, 42 U.S.C. § 2000e(k).  (Dkt. 124, 148.)

3         28.   ***Punitive Damages.***   Plaintiff also requests Defendant to pay punitive

4    and exemplary damages.  (*See*, Complaint, ¶¶82, 91, 101, 112, 126, 134, 174, and

5    p. 30:3.)  Many punitive damages verdicts against businesses exceed $75,000.00.

6    *See Duin v. Allstate Insurance Co*., No. 97CV1113 JM (RBB), 1997 WL 813002,

7    at *2 (S.D. Cal. Dec. 15, 1997) (since removing defendant was a corporation, "it

8    [was] more likely that any award of punitive damages would exceed $75,000.00");

9    *see also Richmond v. Allstate Ins. Co*., 897 F.Supp. 447, 451 (S.D. Cal. 1995).) For

10   instance, the Court might find useful the following punitive damages verdicts:[2]

11        (a)   *Matthew v. Happy Valley Conference Center, Inc.* (2019) 43

12   Cal.App.5th 236, 266-268, Santa Cruz Superior Court, punitive damages award

13   affirmed on appeal ($500,000 in punitive damages not excessive after affirming

14   judgment for whistleblower retaliation under Labor Code § 1102.5 for reporting

15   sexual harassment of another employee).

16        (b)   *Guerrero v. Crown Energy Services Inc. et al.*, San Diego

17   Superior Court, Case No. 37-2017-0020532-CU-OE-CTL.  On March 1, 2019, a

18   jury found in favor of plaintiff in a disability discrimination claim.  On March 5,

19   2019, the jury awarded $900,000 in punitive damages.  (Dkt. 196.)

20        (c)   *Marlo v. United Parcel Service, Inc. et al.*, No. CV 09-07717

21   DDP (RZx) (C.D. Cal.) At the time of trial, Plaintiff asserted claims for retaliation,

22   wrongful termination, intentional infliction of emotional distress, and conversion

23   arising from a class action overtime lawsuit filed against his employer, filing

24

---

25   [2] To show that the likely amount of any punitive damages recovery will exceed the
jurisdictional amount in controversy, a defendant may introduce evidence of jury
26   verdicts in cases involving analogous facts. *Simmons v. PCR Technology*, 209
F.Supp.2d 1029, 1033 (N.D. Cal. 2002). The cases cited need not have identical
27   facts. *Id*.

28

CASE NO.
DEFENDANT'S NOTICE OF REMOVAL

1  complaints with governmental agencies for unlawful practices, protesting unsafe

2  working conditions, encouraging other employees to file their own overtime

3  lawsuits after the class action was decertified, and stating his attempt to unionize

4  employees. (Dkt. 129.)  On August 24, 2012, the jury returned a verdict on all

5  counts. (Dkt. 235.)  The jury originally awarded punitive damages of $15,897,053

6  (Dkt. 240), but the trial court reduced that amount to $6,604,275.00.  (Dkt. 255.)

7  The Ninth Circuit affirmed this reduced punitive damages award.  (Dkt. 260.)

8      29.    Although Defendant adamantly denies that any award of damages, let

9  alone punitive damages, are recoverable, Plaintiff's prayer for punitive damages,

10  in and of itself, satisfies the $75,000 requirement

11      30.    ***Attorneys' Fees.***  Plaintiff also seeks to recover an unspecified amount

12  in attorneys' fees as to 11 of her 12 causes of action. (*See* Complaint ¶¶81, 90, 100,

13  111, 125, 135, 144, 148-149, 158, 167, and 173.) CAL. LABOR CODE §§ 218.5 and

14  226(e); CAL. GOV'T CODE §12965(b); Cal. Labor Code § 226(e).)  "When attorney

15  fees are added into the equation," the conclusion that more than $75,000 is in

16  controversy "becomes irresistible." *Parker-Williams*, 53 F.Supp.3d at 153.  In the

17  Ninth Circuit, district courts have the discretion to calculate fee awards using either

18  the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable*

19  *Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations

20  omitted).)  Even where "the Court lacks the information required to calculate

21  [attorneys'] fees, it is difficult to believe that the amount in controversy here could

22  be lower than $75,000 when the [attorneys'] fees are factored in along with

23  compensatory and punitive damages." *Parker-Williams*, 53 F.Supp.3d at 152.  It

24  is also more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000

25  if this matter goes to trial.

26      31.    Based on the nature of the allegations and damages sought in the

27  Complaint, the evidence is sufficient to establish that Plaintiff has placed in

28  controversy an amount exceeding the jurisdictional amount of $75,000.00,

11

exclusive of costs and interest. Accordingly, this State Court action may be removed to the United States District Court for the Central District of California – Southern Division because, at the time this action was filed and the present time, diversity jurisdiction exists.

## IV.   TIMLINESS OF REMOVAL

32.    Under 28 U.S.C. §1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,…"  The 30-day period for removal is triggered once service occurs.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

33.    Defendant was served with the Complaint on May 16, 2023, and filed this removal on June 15, 2023.  (*See*, Lessa Decl. ¶2; *see also*, **Exhibit A** hereto.) This Removal is accordingly timely.

## V.   NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

34.    Written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Plaintiff's counsel of record at Lencek, Pourfallah & Associates.  A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached hereto as **Exhibit C** (without exhibits because the exhibit is this Notice).  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of Orange.  A copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto as **Exhibit D** (without exhibits because the exhibit is this Notice).

/ / /

/ / /

/ / /

/ / /

/ / /

35.     Defendant respectfully requests that the above-mentioned litigation filed in the Superior Court of California, County of Orange, be removed to this Court based on diversity jurisdiction.

Dated:  June 15, 2023                              Respectfully submitted,

                                                   FISHER & PHILLIPS LLP


                                    By:    /s/ Amy L. Lessa
                                           Amy L. Lessa
                                           Darcey M. Groden
                                           Attorneys for Defendant
                                           FRESENIUS MANAGEMENT
                                           SERVICES, INC

13

# EXHIBIT A

Case 8:23-cv-01307-FWS-DFM Document 1 Filed 07/19/23 Page 21 of 72 Page ID #:21
Electronically Filed by Superior Court of California, County of Orange, 05/11/2023 08:59 AM
30-2023-01324245-CU-WT-CJC - ROA # 7 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Fresenius Management Services, Inc., a corporation; Does 1 to 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Chaelyn Noone, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Central Justice Center<br><br>700 W. Civic Center Dr., Santa Ana, CA 92701     Judge Martha K. Gooding | 30-2023-01324245-CU-WT-CJC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Megan Lencek,Esq; Lencek Pourfallah & Associates, 25422 Trabuco Rd., Ste 105 #277, Lake Forest, CA 92630; 949-532-7400

| DATE: 05/11/2023<br>*(Fecha,* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | A. Gill | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

---

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* Fresenius Management Services, Inc., a corporation
   under: [x] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [x] by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | EXHIBIT A - 14 | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|---|

Case FECeived by Fourth District Court of Appeal, Division 3 5/09/2025 22:01:72 AM Page ID
30-2023-01324245-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.
#.22

MEGAN LENCEK, ESQ. CSBN: 282788
BARDIA POURFALLAH, ESQ. CSBN: 297610
LENCEK, POURFALLAH & ASSOCIATES
25422 Trabuco Rd., Ste. 105 #277, Lake Forest, CA 92630
Lake Forest, CA 92630
Phone: (949) 532-7400

Attorney(s) for CHAELYN NOONE

# SUPERIOR COURT OF CALIFORNIA,

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

**CHAELYN NOONE,** an individual

      Plaintiff,

vs.

**FRESENIUS MANAGEMENT SERVICES, INC.,** a corporation; Does 1 to 100, Inclusive

      Defendants,

. CASE NO.:  30-2023-01324245-CU-WT-CJC
Assigned to:  **Assigned for All Purposes**
Dept:
Complaint Filed:  Judge Martha K. Gooding

**PLAINTIFF'S COMPLAINT FOR DAMAGES:**

    (1) INTENTIONAL MISREPRESENTATION
    (2) FALSE PROMISE
    (3) NEGLIGENT MISREPRESENTATION
    (4) PREGNANCY DISCRIMINATION - Govt Code §12940(a)
    (5) FAILURE TO PREVENT DISCRIMINATION – Govt Code §12940(k)
    (6) RETALIATION IN VIOLATION OF FEHA – Gov't Code §12940(h)
    (7) LATE PAYMENT OF WAGES (Cal. Lab. Code §§§ 204; 210; 203)
    (8) ITEMIZED WAGE STATEMENT VIOLATIONS (Cal. Lab. Code §§ 226(a), 226(e)
    (9) RETALIATION (Cal. Lab. Code §98.6(a) Violation)
    (10) RETALIATION (Cal. Lab. Code § 1102.5(b) Violation)
    (11) WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
    (12) UNLAWFUL BUSINESS PRACTICES (Cal. Bus. & Prof. Code §§ 17200 et seq.)

**[Damages exceed $25,000.00]**

**DEMAND FOR JURY TRIAL**

Plaintiff, CHAELYN NOONE, an individual, does hereby allege as follows:

-1-

**COMPLAINT**

EXHIBIT A - 15

# I.

## THE PARTIES

1.  Plaintiff, **CHAELYN NOONE**, an individual (hereinafter "Noone", "Plaintiff" or "Employee"), was at all times relevant hereto, a resident of the State of California, County of ORANGE, and is a former employee of FRESENIUS MANAGEMENT SERVICES, INC. ("Fresenius"). Plaintiff began her employment with Fresenius on or about April 2018, and was employed there for approximately 5 years before she was wrongfully discharged on or about February 17, 2023. Plaintiff began her employment with Fresenius on or about April 2018, as a Hospital and Patient Service Manager. At the time of her wrongful termination, Plaintiff was employed with Fresenius as a Sr. Hospital and Patient Service Manager. She served Fresenius with no previous history of disciplinary action.

2.  Defendant, **FRESENIUS MANAGEMENT SERVICES, INC.** ("Fresenius"), is on information and belief, a Delaware corporation, duly authorized to do and doing business in the State of California with employees employed in Orange County, California, and with a principal office of corporation located at 920 Winter St., Waltham, MA 02451. At all relevant times herein, Fresenius was Plaintiff's employer. Plaintiff is informed and believes and based upon such information and belief alleges that "1505 Corporation C T Corporation System" is Fresenius' registered agent. The registered address is 330 N. Brand Blvd, Ste. 700, Glendale, CA 91203.

///

///

///

///

**II**

-2-
**COMPLAINT**

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over DEFENDANT because DEFENDANT has conducted and continues to conduct business in the State of California, and because DEFENDANT committed the acts and omissions complained of herein in the State of California.

4. Venue is proper in this Court because all claims alleged herein arose in Orange County and Defendant was and/or is doing or did business in Orange County, in each case, at all times relevant herein, pursuant to Code of Civil Procedure, section 395(a).

### III
### GENERAL ALLEGATIONS

5. Plaintiff, CHAELYN NOONE, began her employment with FRESENIUS MANAGEMENT SERVICES, INC., on or about April 2018, as a full-time exempt employee, serving as Hospital and Patient Service Manager from April 2018 until July 2020.

6. Commencing July 2020, Plaintiff was promoted to Senior Hospital Patients and Services Manager, reporting directly to Doug Pressley.

7. Doug Pressley had made Plaintiff an offer of employment for Senior Hospital Patients and Services Manager with a 10% pay increase from her previous salary.

8. At the time of promotion, Defendant failed to provide Plaintiff the required written notice pursuant to California Labor Code § 2810.5(a), communicating employment-related information to the employee, including but not limited to the rate(s) of pay, etc.

9. Plaintiff started working as Senior Hospital Patients and Services Manager on or about mid July 2020, however, her first paycheck in that capacity reflected her previous pay rate from her former position as Hospital and Patient Service Manager.

10. She continued to receive her previous pay rate until October 2020, when Plaintiff then received a paycheck reflecting a 7% pay increase, rather than the agreed upon 10% pay increase.

-3-
**COMPLAINT**

EXHIBIT A - 17

11. In August 2020 and September 2020, Plaintiff informed her manager, Doug Pressley, that her paychecks were incorrect and that she was being compensated the pay rate from her previous role as Hospital and Patient Service Manager.  Doug Pressley informed her at that time that he could not do anything about it, or he would get fired, and he failed to take any action to correct this.

12. About two years later, on or about February 2022, Plaintiff's manager, Doug Pressley, informed her that he was hiring for a Director of Market Development position, supporting the Orange County, Inland Empire, and San Diego territories.

13. Plaintiff applied for this promotional opportunity at Fresenius in early February 2022, by emailing her resume to Doug Pressley, per his instructions.

14. Several days later, Doug Pressley sent Plaintiff a Microsoft Teams calendar invite as a one on one (1:1) to discuss the position.  During this meeting, Doug Pressley provided Plaintiff a case study to prepare, along with a request to prepare five additional items in preparation for her interview, which he scheduled for two (2) weeks later.

15. On or about mid to late February 2022, Plaintiff had a formal interview with the hiring manager, Doug Pressley, where she presented her case study and responded to the five points of discussion that he had previously requested her to prepare a response to.  This interview was conducted via Microsoft Teams.

16. At the conclusion of the interview, Doug Pressley told Plaintiff that she did a great job, and will let her know next steps.

17. Plaintiff and Doug Pressley touched base over the phone a few times, where he had indicated that he had not concluded interviewing other candidates.

18. This process continued until the end of April 2022, when Doug Pressley sent Plaintiff a text message on her cell phone to meet him in San Juan Capistrano.

-4-
**COMPLAINT**

19. In late April 2022 or early May 2022, Plaintiff met Doug Pressley in San Juan Capistrano, where Doug Pressley made a verbal offer of employment to Plaintiff for the Director of Market Development position.

20. Doug Pressley then asked her what her salary requirements are for the position.

21. Plaintiff responded by requesting the salary range for the position.

22. Doug Pressley provided her a salary range of $140,000 - $160,000 base for the Director of Market Development position, but then told her he could only offer her $104,000 for the role. He told her he could start her at $104,000 annual salary now and give her another $30,000 in a year.

23. Plaintiff responded by stating that she felt she wasn't being compensated fairly.  She informed Doug Pressley that she was aware that others employed in the same role were all male individuals earning between $145,000 and $165,000 annual salary.

24. Doug Pressley stated that he was waiting for Defendant's Human Resource department and would get back to Plaintiff with a formal offer in writing.

25. Plaintiff then advised Doug Pressley that she was pregnant and expecting after he told her the job was hers.

26. Doug Pressley then responded to Plaintiff saying, "*well in that case I am going to make an offer to another candidate, and if he does not accept, then the job will go to you.*"

27. Doug Pressley proceeded to offer a male candidate the job in May 2022, and that candidate accepted the position and commenced working as Director of Marketing Development on or about August 2022.  This candidate ended up leaving the position or separating from Defendant in or about December 2022.

28. On or about May or June 2022, Plaintiff called Defendant's HR department, and spoke to Claudia Solstice to file a pregnancy discrimination claim.  Plaintiff told Claudia Solstice

**COMPLAINT**          EXHIBIT A - 19

everything as it pertained to the Doug Pressley's statements regarding not hiring her because she is pregnant, as well as his statements that he wouldn't offer her a salary within the prescribed salary range while others in the position were all male receiving a salary within the prescribed salary range.

29. Pursuant to Defendant's Human Resource Policy "Prohibiting Discrimination, Harassment, Sexual Harassment and Retaliation in the Workplace" ("Discrimination Policy"), Defendant's policy statement provides that Defendant "makes all employment decisions without regard to or consideration of any characteristic protected by applicable law, including but not limited to:…Pregnancy…"

30. The Discrimination Policy applies to "conduct by employees towards other employees, whether a supervisor, subordinator or peer…"

31. The Discrimination Policy provides that "Every manager, supervisor and individual employee has an obligation to ensure compliance with this policy."

32. The Discrimination Policy provides that when Defendant "receives a complaint of conduct that violates this policy, [Defendant] will promptly investigate the allegation(s) in an impartial, discreet, and expeditious manner.   [Defendant's] investigation will include an interview with the person filing the complaint and with witnesses. [Defendant] will also interview the person alleged to have committed harassment.  Results of the investigation will be shared with affected employees."

33. At no time after Plaintiff filed her complaint with Claudia Solstice in HR did Defendant investigate the allegations made for pregnancy discrimination.  Plaintiff was not interviewed. Her harasser was not interviewed.  And Plaintiff never received results of any investigation.

34. Defendant failed to prevent discrimination when it violated the terms of its own company Discrimination Policy.

-6-
**COMPLAINT**

35. Additionally, at some time between May and August 2022, Plaintiff complained to Chad Heise (Vice President at Fresenius), about how Doug Pressley discriminated against her based on her pregnancy when he expressly told Plaintiff he was not going to promote her because she was pregnant.   Chad Heise advised Plaintiff to inform Tom Weider, another Fresenius manager, which Plaintiff did on or about mid-August 2022.   Specifically, Plaintiff complained to Tom Weider that Doug Pressley discriminated against her based on her pregnancy when he expressly told Plaintiff he was not going to promote her because she was pregnant.

36. Plaintiff also complained to Kyung Yu (Regional Vice President at Fresenius) that she was discriminated against based on her pregnancy.  Kyung Yu told Plaintiff that Doug Pressley does not respect women and is condescending and arrogant, and advised Plaintiff to call Defendant's Human Resource Department, which Plaintiff did on or about May or June 2022, when she spoke to Claudia Solstice.

37. Doug Pressley was eventually terminated from Fresenius because of his history of harassing behavior.

38. On or about September 22, 2022, Plaintiff went into labor and commenced her maternity leave.

39. Plaintiff gave more than 30 days' notice to her former manager, Doug Pressley, on or about April or May 2022, about her expected due date and maternity leave.

40. Plaintiff also gave more than 30 days' notice to Defendant's HR department and leave department about her upcoming maternity leave.

41. A few days prior to Plaintiff's maternity leave, Plaintiff emailed Defendant's HR Department and or leave department stating that she was expecting to go into labor soon and asked that they provide written confirmation to Plaintiff that she would in fact receive 100% pay while out on leave utilizing her existing Paid Time Off ("PTO") and Extended Sick Leave

-7-
**COMPLAINT**

("ESL") balance. Defendant responded confirming that she was set to receive 100% pay while out on maternity leave.

42. Plaintiff had approximately 227.29 hours of PTO available during the duration of her maternity leave. Plaintiff had approximately 253.72 hours of ESL available during the duration of her maternity leave. This translates to a total of approximately 28.41 days of PTO available to Plaintiff, and approximately 31.72 days of ESL available to Plaintiff, for a cumulative total of 60.13 days available to Plaintiff to use while on leave.

43. Defendant's Family and Medical Leave Act Policy ("FMLA Policy") provided that "*employees must apply for state disability benefits if they are eligible*" and that employees "*will be paid accrued unused PTO/ESL for the required 14 calendar absence necessary before [state disability] begins.*" Furthermore, the FMLA Policy provided that "*applicable time off benefits must be exhausted before an employee can be on an unpaid leave of absence.*"

44. Defendant's Extended Sick Leave Program Policy ("ESL Policy") provided that "*employees receiving disability benefits, such as short-term disability or state disability payments can supplement the disability benefit with accrued ESL up to 100% of weekly base pay.*"

45. The first Earnings Statement Plaintiff should have received during her maternity leave should have been on or about October 7, 2022, for the pay period of September 18, 2022, through October 1, 2022. Plaintiff received timely wages from Defendant for this pay period.

46. The next Earnings Statement Plaintiff should have received during her maternity leave should have been on or about October 21, 2022, for the pay period October 2, 2022, through October 15, 2022. Plaintiff received timely PTO wages from Defendant for this pay period.

47. The next Earnings Statement Plaintiff would have received during her maternity leave should have been on or about November 4, 2022, for the pay period October 16, 2022, through

October 29, 2022.  Plaintiff received State Disability Insurance benefits[1] for this pay period in the amount of $2,782.00.  On November 4, 2022, Plaintiff received a check from Defendant in the *gross* amount of $408.80 (covering pay periods October 16, 2022, through October 29, 2022) as a form of ESL payment, however, this payment was short approximately $77.20.

48. The next Earnings Statement Plaintiff would have received during her maternity leave should have been on or about November 18, 2022, for the pay period October 30, 2022, through November 12, 2022.  Plaintiff received State Disability Insurance benefits for this pay period in the amount of $2,782.00.  On November 18, 2022, Plaintiff received a check from Defendant in the *gross* amount of $188.80 (covering pay periods October 30, 2022, through November 12, 2022) as a form of ESL payment, however, this payment was short approximately $297.20.

49. For the pay period of November 13, 2022, through November 26, 2022, Plaintiff did not receive a check from Defendant on December 2, 2022 – which was the next scheduled Advice Date.  Plaintiff received state Paid Family Leave benefits, on or about December 16, 2022, in the gross amount of $2,583.29 (covering November 13, 2022 – November 26, 2022).  And, on January 13, 2023, Plaintiff received a late check from Defendant in the *gross* amount of $276.71 (covering pay periods November 13, 2022, through November 26, 2022) as a form of ESL payment to supplement her state disability benefits; however, this payment was short approximately $408.80.

50. For the pay period of November 27, 2022, through December 10, 2022, Plaintiff did not receive a check from Defendant on December 16, 2022.  Plaintiff received State Paid Family Leave benefits, on or about December 16, 2022, in the gross amount of $2,185.84 (covering pay period November 30, 2022 – December 14, 2022).  And, on January 13, 2023, Plaintiff received

---

[1]  Daily Rate = $198.71/day; Weekly Amount = $1,391/week

**COMPLAINT**          EXHIBIT A - 23

another late check from Defendant in the *gross* amount of $298.00 (covering pay periods November 27, 2022, through December 10, 2022) as a form of ESL payment to supplement her state disability benefit; however, this payment was short approximately $784.96.

51. The next Earnings Statement Plaintiff would have received during her maternity leave should have been on or about December 30, 2022, for the pay period of December 11, 2022, through December 24, 2022.  Plaintiff did not receive any PTO or ESL wages for this pay period to supplement the state disability benefit she received in the amount of $2,384.57 (covering pay periods December 15, 2022, through December 22, 2022).   She should have received approximately $884.23 from Defendant in the form of ESL or PTO payments to supplement her state disability benefit, however, she did not receive anything at all.

52. Plaintiff was entitled to PTO and ESL vested wages during her maternity leave duration as a form of deferred compensation.  Plaintiff was entitled to receive PTO and/or ESL payments so long as she was not receiving State Disability benefits; and Plaintiff was entitled to supplement her State Disability benefits with ESL payments.

53. During Plaintiff's maternity leave, Plaintiff filed a complaint with Defendant's leave office and HR department complaining about wage violations.

54. Defendant failed to pay Plaintiff fully earned PTO and ESL wages in violation of the California Labor Code.

55. Plaintiff took the full twelve (12) weeks of maternity leave permitted under California law.

56. On or about December 26, 2022, Plaintiff returned to work.

57. Plaintiff contacted Defendant's leave office, sending in the required paperwork to confirm her return to work, as well as informed her new manager, Brad Henderson, that she has returned to work.

-10-
**COMPLAINT**
EXHIBIT A - 24

58. Plaintiff did not get paid by Defendant for six weeks after her return from maternity leave.

59. Plaintiff complained to Defendant's leave department as well as her manager, Brad Henderson, about not receiving her paychecks again.

60. Plaintiff received a late paycheck on or about February 10, 2023, covering the following pay periods: (a) December 25, 2022, through January 7, 2023; and (b) January 8, 2023, through January 21, 2023; and Plaintiff received a timely paycheck for the pay period January 22, 2023 through February 3, 2023.

61. Six days later, on or about February 16, 2023, Brad Henderson wrongfully accused Plaintiff of not working or visiting her customer hospital clients, including Hoag Hospital and UCI Medical Center, since her return from maternity leave on December 26, 2022, and suspended Plaintiff from work.

62. Plaintiff explained to Brad Henderson that this accusation was impossible as she had documented email communications with her customer clients, including Hoag Hospital and UCI Medical Center, and documentation of her visits there as well.

63. Plaintiff reported this false accusation to Defendant's Human Resources department, and Plaintiff spoke to Adriana Omolade, who replied that she would call Plaintiff back within the next hour.

64. On February 17, 2023, Adriana Omolade called Plaintiff back and informed her that the company was moving forward with termination.

65. Defendant has a policy for Disciplinary Actions and Corrective Actions that outlines the steps Defendant will take to give the employee due process.  Step 1 is "Documented Counseling." This is the first step in the corrective action process to encourage the employee to change the behavior or improve a performance deficiency prior to initiating further corrective

action. Step 2 is "Written Warning," which follows a Documented Counseling when there is no improvement or change of if there is a new infraction or deficiency. A Written Warning may also be the first step in the correction action process based on the circumstances. Step 3 is "Final Written Warning," which is utilized when there is no improvement or change or if there is a new infraction or deficiency. A Final Written Warning may also be the first step in the corrective action process when the action is more severe than other corrective action steps warrant. Step 4 is "Disciplinary Suspension," which may be implemented in conjunction with or without a Final Written Warning after consultation with HR. Disciplinary suspensions are unpaid and generally no more than 5 scheduled workdays. Step 5 is "Termination of Employment," which occurs as the final step in the corrective action process when expected performance or conduct requirements have not been met, or in lieu of corrective action when the nature of the infraction or deficiency is so serious, other levels of corrective action are not suitable.

66. Defendant's reason for terminating Plaintiff was false and pretextual.

67. A few weeks after Plaintiff's termination, Plaintiff learned that her male counterpart, Wayne Pacgu, accused of the same conduct that Plaintiff was accused of (that resulted in Plaintiff's termination), but he only received a final written warning from the company – step 3 of the corrective action policy. No further adverse employment action was taken against Wayne Pacgu.

68. Plaintiff had no history of poor performance while working for Defendant and had never received any documented counseling, written warnings, final written warnings, or disciplinary suspensions during her tenure working for Defendant.

69. It is a public policy not to discriminate, discharge, retaliate or take any adverse action against any employee for whistleblowing reported wage and hour violations, or suspected violations of laws, regulations, or public policies.

**COMPLAINT**
EXHIBIT A - 26

70. Plaintiff filed repeated complaints to Defendant for various wage and hour violations, as well as other violations of the law, including pregnancy discrimination.

71. Finally, after Plaintiff's wrongful termination, Defendant underpaid Plaintiff's bonus and after Plaintiff having to had to ask for a detailed breakdown of the bonus calculation, Defendant corrected the underpayment and issued Plaintiff a late payment for the difference to her bonus.

72. On or about April 28, 2023, Plaintiff filed an Administrative Complaint with California's Civil Rights Department pursuant to CA Govt Code §12960.

**FIRST CAUSE OF ACTION**
**INTENTIONAL MISREPRESENTATION**
**(Against Defendant)**

73. Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

74. Commencing July 2020, Defendant, via Doug Pressley, represented to Plaintiff that Plaintiff was promoted to Senior Hospital Patients and Services Manager at a 10% pay increase from her previous salary.

75. Defendant's representation was false. Plaintiff started working as Senior Hospital Patients and Services Manager on or about mid July 2020; however, her first paycheck in that capacity reflected her previous pay rate from her former position as Hospital and Patient Service Manager. She continued to receive her previous pay rate until October 2020, when Plaintiff then received a paycheck reflecting a 7% pay increase, rather than the agreed upon 10% pay increase.

76. Defendant made the representation recklessly and without regard for its truth.

77. Defendant intended that Plaintiff rely on the representations made to mislead Plaintiff to accepting more work without any additional pay, or at a pay not agreed upon by the parties.

78. Plaintiff reasonably relied on Defendant's representation to her detriment.

-13-
**COMPLAINT**

79. Plaintiff was harmed.

80. Plaintiff's reliance on Defendant's representation was a substantial factor in causing her harm.

81. Defendant caused Plaintiff damages and injuries in amount to be proven at trial but not less than the jurisdictional limit of this court including damages reasonably foreseen by the parties, in the form of lost wages, or front pay, emotional distress damages, and other employment benefits, waiting time penalties, prejudgment interest, reasonable attorney's fees, costs of litigation pursuant to Cal. Civ. Code § 1032, and any other amounts to be proven at trial.

82. Defendant acted for the purpose of causing Plaintiff to suffer financial loss and is guilty of oppression and malice, justifying an award of exemplary and punitive damages pursuant to CA Civil Code § 3294(a).

### SECOND CAUSE OF ACTION
### FALSE PROMISE
### (Against Defendant)

83. Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

84. Commencing July 2020, Defendant, via Doug Pressley, made a promise to Plaintiff that Plaintiff would receive a 10% pay increase from her previous salary for her promotion to Senior Hospital Patients and Services Manager.

85. Defendant did not intend to perform this promise when Plaintiff started working as Senior Hospital Patients and Services Manager on or about mid July 2020, and she received her first paycheck reflecting her previous pay rate from her former position as Hospital and Patient Service Manager, and she continued to receive her previous pay rate until October 2020, when Plaintiff then received a paycheck reflecting a 7% pay increase, rather than the agreed upon 10% pay increase.

-14-
**COMPLAINT**

86. Defendant intended that Plaintiff rely on this promise.

87. Plaintiff reasonably relied on Defendant's promise to her detriment.

88. Plaintiff was harmed.

89. Plaintiff's reliance on Defendant's promise was a substantial factor in causing her harm.

90. Defendant caused Plaintiff damages and injuries in amount to be proven at trial but not less than the jurisdictional limit of this court including damages reasonably foreseen by the parties, in the form of lost wages, or front pay, emotional distress damages, and other employment benefits, waiting time penalties, prejudgment interest, reasonable attorney's fees, costs of litigation pursuant to Cal. Civ. Code § 1032, and any other amounts to be proven at trial.

91. Defendant acted for the purpose of causing Plaintiff to suffer financial loss and is guilty of oppression and malice, justifying an award of exemplary and punitive damages pursuant to CA Civil Code § 3294(a).

### THIRD CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
### (Against Defendant)

92. Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

93. Commencing July 2020, Defendant, via Doug Pressley, represented as truth to Plaintiff that Plaintiff would receive a 10% pay increase from her previous salary for her promotion to Senior Hospital Patients and Services Manager.

94. Defendant's representations were not true.

95. Defendant had no reasonable grounds for believing the representation to be true when Defendant intentionally failed to provide Plaintiff written notice of employment-related matters pursuant to the requirements of California Labor Code § 2810.5(a).

96. Defendant intended that Plaintiff rely on this representation.

-15-
**COMPLAINT**
EXHIBIT A - 29

97. Plaintiff reasonably relied on Defendant's representations to her detriment.

98. Plaintiff was harmed.

99. Plaintiff's reliance on Defendant's representations was a substantial factor in causing her harm.

100.     Defendant caused Plaintiff damages and injuries in amount to be proven at trial but not less than the jurisdictional limit of this court including damages reasonably foreseen by the parties, in the form of lost wages, or front pay, emotional distress damages, and other employment benefits, waiting time penalties, prejudgment interest, reasonable attorney's fees, costs of litigation pursuant to Cal. Civ. Code § 1032, and any other amounts to be proven at trial.

101.     Defendant acted for the purpose of causing Plaintiff to suffer financial loss and is guilty of oppression and malice, justifying an award of exemplary and punitive damages pursuant to CA Civil Code § 3294(a).

## FOURTH CAUSE OF ACTION
## PREGNANCY DISCRIMINATION
### Govt Code §12940(a)
### (Against Defendant)

102.     Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

103.     At the time of the incident, Defendant was Plaintiff's employer.

104.     Defendant was subject to California's pregnancy discrimination laws because it employed five or more employees.

105.     Plaintiff applied for the Director of Market Development position with Defendant.

106.     Defendant engaged in employment practices that limited Plaintiff's promotion opportunities by refusing to hire her because she was pregnant.

107.    Plaintiff's protected status as a pregnant woman was a substantial motivating reason for Defendant's decision to refuse to hire her.

108.    Defendant took disparate treatment against Plaintiff and or took adverse employment action against Plaintiff because she was pregnant, and Plaintiff was harmed because of the unfair treatment.

109.    As a direct and proximate result of the misconduct and unlawful conduct of Defendant, Plaintiff sustained severe and serious financial damage.

110.    Such conduct by Defendant was a substantial factor in causing harm to Plaintiff.

111.    Defendant caused Plaintiff damages and injuries in amount to be proven at trial but not less than the jurisdictional limit of this court including damages reasonably foreseen by the parties, in the form of lost wages, or front pay, emotional distress damages, and other employment benefits, waiting time penalties, prejudgment interest, reasonable attorney's fees, costs of litigation pursuant to Cal. Civ. Code § 1032, and any other amounts to be proven at trial.

112.    Defendant acted for the purpose of causing Plaintiff to suffer financial loss and is guilty of oppression and malice, justifying an award of exemplary and punitive damages pursuant to CA Civil Code § 3294(a).

113.    Plaintiff has complied with timely filing an Administrative Complaint with California's Civil Rights Department pursuant to CA Govt Code §12960.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PREVENT DISCRIMINATION**
**Govt Code §12940(k)**
**(Against Defendant)**

114.    Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

**COMPLAINT**    EXHIBIT A - 31

115.    Plaintiff claims that Defendant failed to take all reasonable steps to prevent sex and pregnancy discrimination.

116.    At the time of the incident, Defendant was Plaintiff's employer.

117.    Defendant was subject to California's pregnancy discrimination laws because it employed five or more employees.

118.    Plaintiff applied for the Director of Market Development position with Defendant.

119.    Plaintiff was subjected to sex and pregnancy discrimination in the course of employment.

120.    Plaintiff reported the discrimination based on sex and pregnancy to her Human Resources department.

121.    Defendant failed to take all reasonable steps to prevent discrimination by failing to abide by the company Discrimination Policy, specifically by failing to investigate to remediate the situation and remediate any discriminatory conduct.

122.    As a direct and proximate result of the misconduct and unlawful conduct of Defendant, Plaintiff sustained severe and serious financial damage.

123.    Plaintiff was harmed because she was not promoted despite being made a verbal offer.

124.    Such conduct by Defendant was a substantial factor in causing harm to Plaintiff.

125.    Defendant caused Plaintiff damages and injuries in amount to be proven at trial but not less than the jurisdictional limit of this court including damages reasonably foreseen by the parties, in the form of lost wages, or front pay, emotional distress damages, and other employment benefits, waiting time penalties, prejudgment interest, reasonable attorney's fees, costs of litigation pursuant to Cal. Civ. Code § 1032, and any other amounts to be proven at trial.

126.     Defendant acted for the purpose of causing Plaintiff to suffer financial loss and is guilty of oppression and malice, justifying an award of exemplary and punitive damages pursuant to CA Civil Code § 3294(a).

127.     Plaintiff has complied with timely filing an Administrative Complaint with California's Civil Rights Department pursuant to CA Govt Code §12960.

**SIXTH CAUSE OF ACTION**
**Retaliation in Violation of FEHA –**
**Gov't Code §12940(h)**
**(Against Defendant)**

128.     Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

129.     On or about August or September 2020, Plaintiff made a complaint to her then manager, Doug Pressely, that her paychecks reflected the incorrect compensation.  On or about May 2022, Plaintiff made a formal complaint to Defendant's HR department, and spoke to Claudia Solstice to file a pregnancy discrimination claim.  On or about August 2022, Plaintiff made a complaint to Tom Weider that she was discriminated against because she was pregnant. During Plaintiff's maternity leave, Plaintiff filed a complaint with Defendant's leave office and HR department complaining about wage violations, since she was not being paid at all during her maternity leave.  Plaintiff also complained to Defendant's HR and or leave department as well as her manager, Brad Henderson, about not receiving paychecks for six weeks upon her return from maternity leave.  Finally, on or about February 16, 2023, Plaintiff complained to Brad Henderson and Adriana Omolade about wage violations in addition to "false and pretextual" assertions made against her as it pertained to her employment with Defendant.

130.     By making these complaints to her employer, Plaintiff undertook a protected activity expressly protected by FEHA.

-19-
**COMPLAINT**

131.    Defendant retaliated against Plaintiff in violation of FEHA through numerous illegal acts, including without limitation, those set forth in the paragraphs above.

132.    As a proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer damages, in the form of lost wages and other employment benefits, from humiliation, anger, depression and anxiety.  The amount of damage will be ascertained at trial.

133.    In committing the foregoing acts, Defendant is guilty of oppression, fraud, and/or malice under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in a sum appropriate to punish and make an example out of the foregoing defendant.

134.    The act of oppression, fraud, and/or malice were engaged in by employees of Defendant.  Defendant had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damage is sought, and/or was personally guilty of oppression, fraud and/or malice.  The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on the part of an officer, director, or managing agent of Defendant, thereby entitling Plaintiff to punitive and exemplary damages against Defendant in accordance with California Civil Code § 3294 in a sum appropriate to punish and make an example out of Defendant.

135.    FEHA provides for an award of reasonable attorneys' fees and costs incurred by a prevailing plaintiff in an action brought under its provisions.  Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action.  Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.  Plaintiff is entitled to an award of attorneys' fees and costs.

136.    Plaintiff has timely filed an Complaint with California's Civil Rights Department pursuant to CA Govt Code §12960.

## SEVENTH CAUSE OF ACTION
## LATE PAYMENT OF WAGES
### Cal. Labor Code §§ 204; 210
### (Against Defendant)

137.    Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

138.    In general, Labor Code section 204 governs regular payment of wages and requires that wages earned for exempt employees be due at least once during each calendar month. If an employee does not receive full payment of the wages due on the payday designated by the employer in accordance with Labor Code section 204, the payment is late.

139.    Defendant failed to pay Plaintiff vested PTO and ESL wages during her maternity leave as a form of deferred compensation.

140.    Defendant also failed to pay Plaintiff timely upon her return to work from maternity leave, leaving her unpaid for 6 weeks.

141.    No "good faith" dispute exists.

142.    Plaintiff was harmed.

143.    Such conduct by Defendant was a substantial factor in causing harm to Plaintiff.

144.    Plaintiff has suffered damages and injuries in amounts to be proven at trial but not less than the jurisdictional limit of this court including damages reasonably foreseen by the parties, compensatory and expectation damages, consequential damages, restitution, waiting time penalties pursuant to Labor Code §203(a), civil penalties pursuant to Labor Code §210(a), Prejudgment Interest pursuant to Labor Code §218.6, reasonable attorney fees under contract and/or Labor Code §218.5, costs of litigation pursuant to CA Code of Civil Procedure §1032, and any other amounts to be proven at trial.

///

**COMPLAINT**

EXHIBIT A - 35

**EIGHTH CAUSE OF ACTION**
**Itemized Wage Statement Violations**
**[Cal. Labor Code § 226(a); 226(e)]**
**(Against DEFENDANT)**

145.     Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

146.     Under Labor Code § 226(a), DEFENDANT has at all relevant times been required to provide Plaintiff with regular itemized written statements showing, among other things, total hours worked, all applicable hourly rates during the pay period, and the corresponding number of hours worked at each rate by the employee.

147.     Defendant knowingly and intentionally failed to provide Plaintiff timely, accurate itemized wage statements.

148.     Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all actual damages, or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed $4,000 per pay period, and is entitled to an award of costs and reasonable attorney's fees.

149.     As a direct and proximate result of Defendant's conduct, Plaintiff has been injured by, among other things: (a) not being paid all wages due; (b) not receiving itemized statements representing the correct rate(s) owed to Plaintiff; (c) and being required to file this action to recover her wages due.  Plaintiff is entitled to recover the damages or penalties provided by Labor Code § 226(e), including interest thereon, and costs and reasonable attorney's fees and costs.

///

**COMPLAINT**

EXHIBIT A - 36

## NINTH CAUSE OF ACTION
### Cal. Code § 98.6(a) Violation
### (Against DEFENDANT)

150.    Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

151.    Plaintiff was employed by Defendant at the time of the alleged incident.

152.    On or about February 17, 2023, Defendant wrongfully terminated Plaintiff after making "false and pretextual" assertions that Plaintiff violated company policy for failing to work or visit customer hospital clients since her return from maternity leave on December 26, 2022.  In fact, Plaintiff had provided written email documentation and proof to her manager, Brad Henderson, as well as to HR, that she not only communicated with her customer clients since her return from maternity leave, but she also visited her customer clients and that the allegations against her were false.

153.    Approximately six or seven days prior to an adverse employment action being taken against Plaintiff, she had reported another wage and hour violation to her manager and to the company.  Previously, Plaintiff had reported several other wage and hour violations, pregnancy discrimination violations, and other wrongful conduct in the past that Defendant had perpetrated against her as well.

154.    Defendant's termination of Plaintiff was in violation of the public policy of California Labor Code Section § 98.6, which prohibits employers from retaliating against workers who come forward to report suspected violations of laws, regulations, and public policy to a supervisor or other person at the employer who has the authority to investigate the violation.

155.    Plaintiff filed numerous complaints to various individuals within Fresenius, of violations of laws, regulations, and public policy, including but not limited to complaints pertaining to (a) pregnancy discrimination, (b) misrepresentation of wages and failure to pay

-23-
**COMPLAINT**

promised wages, (c) failure to pay PTO and or ESL wages during Plaintiff's maternity leave, (d)

failure to pay wages to Plaintiff for six weeks after her return from maternity leave; and (e)

making false and pretextual allegations as a form of retaliation to wrongfully terminate Plaintiff.

156.    Defendant retaliated against Plaintiff for reporting suspected violations and took

adverse employment action against Plaintiff by making "false and pretextual" allegations against

Plaintiff as a basis for terminating her.

157.    Under Labor Code § 98.6, an employer who violates this section is liable to

Plaintiff for a civil penalty of up to $10,000 for each violation. Defendant has at a minimum five

violations pursuant to this code section.

158.    Plaintiff has suffered damages and injuries in amounts to be proven at trial but not

less than the jurisdictional limit of this court including damages reasonably foreseen by the

parties, compensatory and expectation damages, consequential damages, restitution, waiting time

penalties pursuant to Labor Code §203(a), civil penalties pursuant to Labor Code §98.6(b)(3),

Prejudgment Interest pursuant to Labor Code §218.6, reasonable attorney fees under contract

and/or Labor Code §218.5, costs of litigation pursuant to CA Code of Civil Procedure §1032,

and any other amounts to be proven at trial.

### TENTH CAUSE OF ACTION
### Cal. Code § 1102.5(b) Violation
### (Against DEFENDANT)

159.    Plaintiff incorporates by reference, as though fully set forth, all paragraphs

previously alleged in this Complaint.

160.    Plaintiff was employed by Defendant at the time of the alleged incident.

161.    On or about February 17, 2023, Defendant wrongfully terminated Plaintiff after

making "false and pretextual" assertions that Plaintiff violated company policy for failing to

work or visit customer hospital clients since she returned from maternity leave on December 26,

2022, when in fact Plaintiff had provided Defendant written documentation and proof to her manager as well as to HR that she was not only communicating with her customer clients but also visiting her customer clients and that the allegations against her were false.

162.    Approximately six or seven days prior to an adverse employment action being taken against Plaintiff, she had reported another wage and hour violation to her manager and to the company.    Previously, Plaintiff had reported several other wage and hour violations, pregnancy discrimination violations, and other wrongful conduct in the past that Defendant had perpetrated against her as well, including but not limited to her managers Doug Pressley, Brad Henderson, Tom Weider, Claudia Solstice of HR, Adriana Omolade of HR, Chad Heise, Kyung Yu, and Hillary Boyd.

163.    California Labor Code Section 1102.5(b), provides:

> (b) An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information...to a person with authority over the employee...if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation..."

California Labor Code section 1102.5 reflects the State's broad public policy interest in encouraging employees to report unlawful acts without fearing retaliation. (See *Green v. Ralee Eng. Co. (1998) 19 Cal.4th 66, 77)*

164.    Plaintiff filed numerous complaints to various individuals within Fresenius, of violations of laws, regulations, and public policy, including but not limited to complaints pertaining to (a) pregnancy discrimination, (b) misrepresentation of wages and failure to pay promised wages, (c) failure to pay PTO and or ESL wages during Plaintiff's maternity leave, (d) failure to pay wages to Plaintiff for six weeks after her return from maternity leave; and (e) making false and pretextual allegations as a form of retaliation to wrongfully terminate Plaintiff.

165.    Defendant retaliated against Plaintiff for reporting actual and suspected violations of law and took adverse employment action against Plaintiff by making "false and pretextual" allegations against Plaintiff as a basis for terminating her.

166.    Under Labor Code §1102.5, an employer who violates this section is liable to Plaintiff for a civil penalty of up to $10,000 for each violation.  Defendant has at a minimum five violations pursuant to this code section.

167.    Plaintiff has suffered damages and injuries in amounts to be proven at trial but not less than the jurisdictional limit of this court including damages reasonably foreseen by the parties, compensatory and expectation damages, consequential damages, restitution, waiting time penalties pursuant to Labor Code §203(a), civil penalties pursuant to Labor Code §98.6(b)(3), Prejudgment Interest pursuant to Labor Code §218.6, reasonable attorney fees under contract and/or Labor Code §218.5, costs of litigation pursuant to CA Code of Civil Procedure §1032, and any other amounts to be proven at trial.

## ELEVENTH CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
### (Against DEFENDANT)

168.    Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

169.    Plaintiff was employed by Defendant.

170.    Defendant discharged Plaintiff on or about February 17, 2023, for reasons that violate public policy.

171.    As a direct and proximate result of the misconduct and unlawful conduct of Defendant, and the resulting discharge in violation of public policy, as set forth below, Plaintiff sustained severe and serious financial damage.

172.    Such conduct by Defendant was a substantial factor in causing harm to Plaintiff.

173.    Defendant caused Plaintiff damages and injuries in amount to be proven at trial but not less than the jurisdictional limit of this court including damages reasonably foreseen by the parties, in the form of lost wages, or front pay, emotional distress damages, and other employment benefits, waiting time penalties, prejudgment interest, reasonable attorney's fees, costs of litigation pursuant to Cal. Civ. Code § 1032, and any other amounts to be proven at trial.

174.    Defendant and each of them acted for the purpose of causing Plaintiff to suffer financial loss and is guilty of oppression and malice, justifying an award of exemplary and punitive damages pursuant to CA Civil Code § 3294(a).

**TWELVTH CAUSE OF ACTION**
**Unlawful Business Practices**
**[Cal. Bus. & Prof. Code §§ 17200 et. seq]**
**(Against DEFENDANT)**

175.    Plaintiff incorporates by reference, as though fully set forth, all paragraphs previously alleged in this Complaint.

176.    Plaintiff brings this cause of action on behalf of herself, and others similarly situated, seeking restitution as described in all paragraphs previously alleged in this Complaint, including interest thereon, for the statute of limitations period preceding the filing of this complaint.

177.    Defendant's conduct, as alleged herein, constitutes an unlawful, unfair, and/or fraudulent business practice, as set forth in Business & Professions Code § 17200, as Defendant has (a) made false promises, intentional misrepresentations, negligent misrepresentations as it pertains to paying Plaintiff the agreed upon pay rate when she was promoted to Senior Hospital Patients & Services Manager; (b) violated California Labor Code provisions as it pertains to depriving Plaintiff of wages promised her, and failing to provide her itemized wage statements that accurately reflect the correct pay rate; and failing to timely pay her; (c) discriminated against

her because she was pregnant by retracting the offer of employment made to her for the Director of Market Development position and instead offered the position to a male applicant; (d) failed to take steps to prevent discrimination; (e ) retaliating against Plaintiff .

178.    DEFENDANT conducted business activities while failing to comply with the laws, legal mandates, and public policies cited herein.

179.    Plaintiff and others similarly situated suffered injury in fact and lost money because of DEFENDANT'S unfair competition.

180.    As a result of DEFENDANT's unlawful and unfair business practices, Plaintiff is entitled to and does seek restitution, and other appropriate relief available under Business & Professions Code § 17203, on her own behalf, and on behalf of others similarly situated.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the DEFENDANTS respectfully prays of the Court as follows:

   **A.** That DEFENDANT is found to have committed intentional misrepresentation;

   **B.** That DEFENDANT is found to have committed false promise;

   **C.** That DEFENDANT is found to have committed negligent misrepresentation;

   **D.** That DEFENDANT is found to have discriminated against Plaintiff on the basis of sex/pregnancy in violation of Gov't Code §12940(a);

   **E.** That DEFENDANT is found to have failed to prevent discrimination in violation of Gov't Code §12940(k);

   **F.** That DEFENDANT is found to have retaliated against Plaintiff in violation of Gov't Code §12940(h);

   **G.** That DEFENDANT is found to be in violation of Labor Code §§204, 210, 203, 226(a); 226(e); 98.6(a); 1102.5(a);

   **H.** That DEFENDANT wrongfully discharged Plaintiff from her position in violation of public policy;

   **I.** That DEFENDANT is found to have violated Business and Professions Code §17200 et seq;

   **J.** An award to Plaintiff of damages for the amount of backpay, front pay, unpaid wages, including interest thereon, and, as to the waiting time penalties, and other labor code penalties including §210, subject to proof at trial;

   **K.** That DEFENDANT be ordered to pay restitution to Plaintiff and others similarly situated due to DEFENDANT's unlawful activities, pursuant to Bus. & Prof. Code § 17200 et seq., for the four years preceding the filing of this complaint;

   **L.** That DEFENDANT be ordered to pay $10,000 per violation to Plaintiff pursuant to Labor Code § 98.6(a);

   **M.** That DEFENDANT be ordered to pay $10,000 per violation to Plaintiff pursuant to Labor Code §1102.5(b);

   **N.** That Plaintiff be awarded reasonable attorney's fees and costs pursuant to applicable provisions of law;

   **O.** For compensatory damages including lost past wages, front pay, and all other sums of money, including employment benefits, together with prejudgment interest on said amounts, and any other economic injury to Plaintiff, according to proof;

**P.** For prejudgment interest under Civil Code § 3289(b), and any other applicable statutory basis;

**Q.** For an award of punitive damages against any and/or all Defendant(s);

**R.** For the negative tax consequences of any portion that represents income;

**S.** All other relief the Court deems just and proper.

Dated: May 8, 2023

                                   **LENCEK, POURFALLAH & ASSOCIATES**
                                   */s/ Megan Lencek, Esq.*
                                   By: Megan Lencek, Esq.
                                   Attorney for Plaintiff

                                   */s/ Bardia Pourfallah, Esq.*
                                   By: Bardia Pourfallah, Esq.
                                   Attorney for Plaintiff

–30–

**COMPLAINT**

EXHIBIT A - 44

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the

3  Complaint for Damages.

4  Dated: May 8, 2023

5                                          **LENCEK, POURFALLAH & ASSOCIATES**

6                                          ***/s/ Megan Lencek, Esq.***
                                           By: Megan Lencek, Esq.
7                                          Attorney for Plaintiff

8                                          ***/s/ Bardia Pourfallah, Esq.***
                                           By: Bardia Pourfallah, Esq.
9                                          Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                          -31-
                                        **COMPLAINT**          EXHIBIT A - 45
28

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Megan Lencek, Esq. (282788); Bardia Pourfallah, Esq. (297610) Lencek Pourfallah &
Associates, 25422 Trabuco Rd., Ste. 105 #277, Lake Forest, CA 92630

TELEPHONE NO.: 949-532-7400    FAX NO. (Optional): n/a
E-MAIL ADDRESS: mlencek@LPA-Legal.com
ATTORNEY FOR (Name): Chaelyn Noone

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Chaelyn Noone v. Fresenius Management Services Inc., a corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | | 30-2023-01324245-CU-WT-CJC |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Martha K. Gooding |
| | | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action (specify): 12
5. This case [ ] is [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 05/08/2023

Megan Lencek, Esq.
_____
(TYPE OR PRINT NAME)

► _Megan Lencek_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

EXHIBIT B Page 53
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center<br><br>PLANTIFF: Chaelyn Noone<br><br>DEFENDANT: Fresenius Management Services, Inc.<br><br>Short Title: NOONE VS. FRESENIUS MANAGEMENT SERVICES, INC. | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br><br>**May 10, 2023**<br>Clerk of the Superior Court |
|---|---|
| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2023-01324245-CU-WT-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>10/16/2023</u> at <u>09:00:00 AM</u> in Department <u>C31</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>IMPORTANT:</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

<u>IMPORTANTE:</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

<u>QUAN TRỌNG:</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**NOTICE OF HEARING**

EXHIBIT A - 47

Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

---

**SHORT TITLE:** NOONE VS. FRESENIUS MANAGEMENT SERVICES, INC.

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: <br> **30-2023-01324245-CU-WT-CJC** |
|---|---|

---

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u>, on <u>05/10/2023</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>05/11/2023</u>.

Clerk of the Court, by: _____ , Deputy

LENCEK, POURFALLAH & ASSOCIATES
25422 TRABUCO ROAD # 105 #277
LAKE FOREST, CA 92630

---

V3 1013a (June 2004)                                                                                   Code of Civil Procedure , § CCP1013(a)

# EXHIBIT B

Amy L. Lessa (SBN 202872)
    E-Mail:  alessa@fisherphillips.com
Darcey M. Groden (SBN 296492)
    E-Mail:  dgroden@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendant
FRESENIUS MANAGEMENT SERVICES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

| | |
|---|---|
| CHAELYN NOONE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FRESENIUS MANAGEMENT SERVICES, INC., a corporation; Does 1 to 100, Inclusive,<br><br>Defendants. | CASE NO.:  30-2023-01324245-CU-WT-CJC<br>*[Unlimited Jurisdiction]*<br><br>*Assigned for all purposes to the*<br>*Honorable Martha K. Gooding, Dept. C-31*<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FRESENIUS MANAGEMENT SERVICE, INC. TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  May 8, 2023<br>Trial Date:        Not Set |

Defendant, FRESENIUS MANAGEMENT SERVICES, INC. ("Defendant"), responds to Plaintiff CHAELYN NOONE's unverified complaint as follows:

**GENERAL DENIAL**

1.    Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified Complaint.

2.    Further answering the Complaint, including each and every cause of action, Defendant denies that Plaintiff has suffered or will sustain any injury, damage, or loss by reason of any action, error, or omission of Defendant's part.

EXHIBIT B - 49

3.      In addition to this general denial, pursuant to California Code of Civil Procedure section 431.30, subdivision (g), Defendant asserts the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.      Plaintiff's complaint, and each and every cause of action, is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 338(a) and (d), and 340(a), California Labor Code sections 203(b) and 1197.5(i), California Government Code sections 12960 and 12965, and California Business & Professions Code section 17208.

## SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

5.      Plaintiff's complaint, and each and every cause of action, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 et seq.

## THIRD AFFIRMATIVE DEFENSE

### (Workers' Compensation Offset)

6.      If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      Plaintiff is estopped by her conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged.

/ / /

/ / /

/ / /

EXHIBIT B - 50
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
FP 47284988.1

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

8.    By her conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.    Plaintiff's claims are barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

10.    Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

11.    To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

12.    Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

## TENTH AFFIRMATIVE DEFENSE

### (Same Decision)

13.    Even if there was discrimination against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Factors on Wage Differential)

14.    To the extent male employees with the same title as Plaintiff earned higher wages than Plaintiff, the wage differential was based upon one or more of the following factors: (a) a

3

seniority system, (b) a merit system, (c) a system that measures earnings by quantity or quality of production, or (d) a bona fide factor other than sex, such as education, training, or experience.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

15.    Plaintiff did not exercise ordinary care on her own behalf, and her own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendant, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Waiting Time Penalties)

16.    Plaintiff's claims for waiting time penalties pursuant to Labor Code section 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

17.    At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Injury)

18.    Plaintiff's claim for penalties pursuant to Labor Code section 226 is barred because Plaintiff cannot show that she was injured by any wage statements furnished by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

19.    Plaintiff lacks standing to bring a claim under the Unfair Competition Law because Plaintiff has not suffered an injury in fact and lost money or property.

/ / /

4

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

FP 47284988.1

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Abstention)

20.    The Court should abstain from adjudicating the Unfair Competition Law claim because (1) granting the requested relief would require the court to interfere with the functions of an administrative agency, *or* (2) the lawsuit involves determining complex economic policy that is best handled by the Legislature or an administrative agency, *or* (3) granting injunctive relief would be unnecessarily burdensome for the court to monitor and enforce, given the availability of more effective means of redress. *Alvarado v. Selma Convalescent Hosp.* (2007) 153 Cal.App.4th 1292, 1298; *Arce v. Kaiser Found. Health Plan* (2010) 181 Cal.App.4th 471, 496-501.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

21.    Any recovery on Plaintiff's complaint, or any purported cause of action alleged, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

## NINETEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

22.    Any recovery on Plaintiff's complaint or any purported cause of action alleged, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's termination.

## TWENTIETH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

23.    Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

**WHEREFORE**, this answering Defendant prays as follows:

1.    That Plaintiff take nothing by her complaint for damages;

2.    That Plaintiff's complaint be dismissed in its entirety with prejudice;

EXHIBIT B - 53

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

FP 47284988.1

1          3.      That Defendant recover its costs of suit, including its reasonable attorneys' fees;

2    and

3          4.      That the court award such other and further relief as it deems appropriate.

4    DATE:  June 15, 2023                          FISHER & PHILLIPS LLP

5

6                                         By:  _Amy Lessa_____

7                                              Amy L. Lessa
                                               Darcey M. Groden
8                                              Attorneys for Defendant
                                               FRESENIUS MANAGEMENT SERVICES, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT B - 54

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

FP 47284988.1

1

**PROOF OF SERVICE**
**(CCP §§1013(a) and 2015.5)**

2

3        I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

4

5        On June 15, 2023, I served the following document(s) **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FRESENIUS MANAGEMENT SERVICE, INC. TO PLAINTIFF'S COMPLAINT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

6

7    Megan Lencek                                              Telephone: (949) 532-7400
     Bardia Pourfallah                                         E-Mail:  mlencek@LPA-Legal.com
8    LENCECK, POURFALLAH &                    info@LPA-Legal.com
     ASSOCIATES
9    25422 Trabuco Road, Suite 105 #277            Attorneys for Plaintiff
     Lake Forest, California 92630                       CHAELYN NOONE

10   ☒    **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

11

12

13   ☐    **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (858) 597-9601.  The fax reported no errors.  A copy of the transmission report is attached.

14

15

16   ☐    **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

17

18   ☐    **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

19   ☐    **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

20

21

22        I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

23

24        Executed June 15, 2023, at San Diego, California.

25   Kris O'Connor _____        By: _____
           Print Name                                               Signature

26

27

28

1

EXHIBIT B - 55

PROOF OF SERVICE

# EXHIBIT C

1    Amy L. Lessa (SBN 202872)
         E-Mail: alessa@fisherphillips.com
2    Darcey M. Groden (SBN 296492)
         E-Mail: dgroden@fisherphillips.com
3    FISHER & PHILLIPS LLP
     4747 Executive Drive, Suite 1000
4    San Diego, California 92121
     Telephone: (858) 597-9600
5    Facsimile:  (858) 597-9601

6    Attorneys for Defendant
     FRESENIUS MANAGEMENT SERVICES, INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

10

11   CHAELYN NOONE, an individual,          CASE NO.:  30-2023-01324245-CU-WT-CJC
                                            *[Unlimited Jurisdiction]*
12                 Plaintiff,
                                            *Assigned for all purposes to the*
13        v.                                *Honorable Martha K. Gooding, Dept. C-31*

14   FRESENIUS MANAGEMENT                   **DEFENDANT'S NOTICE TO ADVERSE**
     SERVICES, INC., a corporation; Does 1  **PARTY OF REMOVAL TO FEDERAL**
15   to 100, Inclusive,                     **COURT**

16                 Defendants.              Complaint Filed:  May 8, 2023
                                            Trial Date:        Not Set
17

18

19

20

21

22

23

24

25

26

27

28
                                                      EXHIBIT C - 56

     _____
                DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
     FP 47283824.1

1    TO PLAINTIFF AND HER COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on June 15, 2023, Attorneys for Defendant FRESENIUS

3    MANAGEMENT SERVICES, INC. filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332,

4    1441, and 1446 in the above-captioned action, removing from Superior Court of California,

5    County of Orange, to the United States District Court for the Central District of California. A

6    true and correct copy of the Notice of Removal is attached hereto as Exhibit 1 (without re-

7    attaching this document as part of the exhibit).

8    DATE:  June 15, 2023                FISHER & PHILLIPS LLP

9

10                                By: _____

11                                   Amy L. Lessa
                                     Darcey M. Groden
12                                   Attorneys for Defendant
                                     FRESENIUS MANAGEMENT SERVICES, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                    EXHIBIT C - 57

_____
DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
FP 47283824.1

1

**PROOF OF SERVICE**
(CCP §§1013(a) and 2015.5)

2

3     I, the undersigned, am at least 18 years old and not a party to this action.  I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

4

5     On June 15, 2023, I served the following document(s) **DEFENDANT'S NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

6

7     Megan Lencek                              Telephone: (949) 532-7400
      Bardia Pourfallah                         E-Mail:  mlencek@LPA-Legal.com
8     LENCECK, POURFALLAH &                     info@LPA-Legal.com
      ASSOCIATES
9     25422 Trabuco Road, Suite 105 #277        Attorneys for Plaintiff
      Lake Forest, California 92630             CHAELYN NOONE

10    ☒     **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

11

12

13

14    ☐     **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

15

16    ☐     **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

17

18

19    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

20

21    Executed June 15, 2023, at San Diego, California.

22    Lisa Whitaker                             By: *Lisa Whitaker*
      _____                           _____
23         Print Name                                    Signature

24

25

26

27

28                                            EXHIBIT C - 58

1
PROOF OF SERVICE

FP 47283824.1

# EXHIBIT D

1   Amy L. Lessa (SBN 202872)
        E-Mail:  alessa@fisherphillips.com
2   Darcey M. Groden (SBN 296492)
        E-Mail:  dgroden@fisherphillips.com
3   FISHER & PHILLIPS LLP
    4747 Executive Drive, Suite 1000
4   San Diego, California 92121
    Telephone: (858) 597-9600
5   Facsimile:  (858) 597-9601

6   Attorneys for Defendant
    FRESENIUS MANAGEMENT SERVICES, INC.
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       FOR THE COUNTY OF ORANGE - CENTRAL JUSTICE CENTER

10

11  CHAELYN NOONE, an individual,          CASE NO.:  30-2023-01324245-CU-WT-CJC
                                           *[Unlimited Jurisdiction]*
12                   Plaintiff,
                                           *Assigned for all purposes to the*
13          v.                             *Honorable Martha K. Gooding, Dept. C-31*

14  FRESENIUS MANAGEMENT                   **DEFENDANT'S NOTICE TO STATE**
    SERVICES, INC., a corporation; Does 1  **COURT OF REMOVAL OF ACTION TO**
15  to 100, Inclusive,                     **FEDERAL COURT**

16                   Defendants.           Complaint Filed:  May 8, 2023
                                           Trial Date:       Not Set
17

18

19

20          PLEASE   TAKE   NOTICE   that   on   June   15,   2023,   Defendant   FRESENIUS

21  MANAGEMENT SERVICES, INC. filed with the United States Court for the Central District

22  of California its Notice of Removal of this action, a true and correct copy of which is attached

23  hereto as Exhibit 1 (without re-attaching this document as part of the exhibit).

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /
                                                            EXHIBIT D - 59

    _____
    DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT
    FP 47283931.1

1    Pursuant to 28 U.S.C. section 1446(d), the filing of the aforesaid Notice of Removal in

2    the District Court, together with the filing of this Notice with this Court, effects the removal of

3    this action, and this Court may not proceed further with the above-captioned litigation unless and

4    until the case is remanded.

5    DATE:  June 15, 2023                    FISHER & PHILLIPS LLP

6

7

8    By: _____
     Amy L. Lessa
9    Darcey M. Groden
     Attorneys for Defendant
10   FRESENIUS MANAGEMENT SERVICES, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                          EXHIBIT D - 60
                                                    2
     DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT
     FP 47283931.1

**PROOF OF SERVICE**
(CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On June 15, 2023, I served the following document(s) **DEFENDANT'S NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Megan Lencek | Telephone: (949) 532-7400 |
| Bardia Pourfallah | E-Mail: mlencek@LPA-Legal.com |
| LENCECK, POURFALLAH & | info@LPA-Legal.com |
| ASSOCIATES | |
| 25422 Trabuco Road, Suite 105 #277 | Attorneys for Plaintiff |
| Lake Forest, California 92630 | CHAELYN NOONE |

☒  **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego California, in a sealed envelope with postage fully prepaid.

☐  **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

☐  **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed June 15, 2023, at San Diego, California.

Lisa Whitaker
_____
Print Name

By: _____
Signature

EXHIBIT D - 61

1
PROOF OF SERVICE

FP 47283931.1

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On June 15, 2023 I served the foregoing document entitled **DEFENDANT'S NOTICE OF REMOVAL** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Megan Lencek<br>Bardia Pourfallah<br>LENCECK, POURFALLAH &<br>ASSOCIATES<br>25422 Trabuco Road, Suite 105 #277<br>Lake Forest, California 92630 | Telephone: (949) 532-7400<br>E-Mail: mlencek@LPA-Legal.com<br>info@LPA-Legal.com<br><br>Attorneys for Plaintiff<br>CHAELYN NOONE |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with Attorney Service Name and Address .

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed June 15, 2023 at San Diego, California.

| | |
|---|---|
| Lisa Whitaker | By: *Lisa Whitaker* |
| Print Name | Signature |

FP 47281119.2